Ethan D. Thomas, Esq.
Nevada Bar No. 12874
Diana G. Dickinson, Esq.
Nevada Bar No. 13477
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV  89113.4770
Telephone:    702.862.8800
Fax No.:        702.862.8811
edthomas@littler.com
ddickinson@littler.com

Attorneys for Defendants
CLARK COUNTY SCHOOL DISTRICT AND
CEDRIC COLE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRY CHI,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; MARY "MARE" MAZUR, in her official capacity and in her individual capacity; CEDRIC COLE, in his official capacity and in his individual capacity; JESUS JARA, in his official capacity; BRENDA LARSEN-MITCHELL, in her official capacity; and SOUTHERN NEVADA PUBLIC TELEVISION, a Nevada nonprofit corporation,<br><br>                    Defendants. | Case No. 2:24-cv-02014-CDS-BNW<br><br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff TERRY CHI and Defendants CLARK COUNTY SCHOOL DISTRICT, CEDRIC COLE, and SOUTHERN NEVADA PUBLIC TELEVISION, by and through their respective counsel of record, hereby stipulate that in order to protect the confidentiality of information produced by the parties in connection with this case, the parties agree as follows:

1.      Any party may designate as "CONFIDENTIAL" (by stamping the relevant page or labeling the item or as otherwise set forth herein) any item, piece of information, document or response to discovery, which that party considers in good faith to contain information involving

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

personal and confidential information of third-parties or non-parties, trade secrets, or sensitive and/or confidential business or financial information or medical information of the parties, that is subject to protection under Nevada or Federal law ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

Nothing in this agreement shall be deemed to override or supersede a party's responsibility to redact certain information required by LR IC 6-1 of the Local Rules of Practice for the United States District Court, District of Nevada, as in effect at the time of this agreement. A designation of confidentiality shall not be undertaken solely to avoid compliance with LR IC 6-1.

2.    A party may designate documents, items, or information disclosed during a deposition, in response to written discovery as "CONFIDENTIAL" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party may designate in writing, within fourteen (14) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the "CONFIDENTIAL" designation.

3.    If a party fails to mark "CONFIDENTIAL" upon disclosure of information, any party may subsequently designate that material as Confidential by giving written notice to the Parties and providing properly marked or designated copies within fourteen (14) days of such disclosure. Should any party wish to designate or re-designate as "CONFIDENTIAL" any material that was produced before the entry of this stipulated agreement, it must do so within twenty-one (21) days of the entry of this Order. In the event information is not marked as "CONFIDENTIAL"

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

2

and is used by the receiving party prior to any confidential designation, it shall be incumbent upon the designating party to prove the confidential nature of such material to the Court.

4.      All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party to whom the information is produced solely for the purpose of this case.

5.      Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information marked "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)      counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

(c)      any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)      consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Stipulated Protective Order as Exhibit A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e)      any authors or recipients of the Confidential Information;

(f)      the Court, Court personnel, and court reporters;

(g)      witnesses (other than persons described in paragraph 4(e)).  A witness shall sign the Exhibit A Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "CONFIDENTIAL" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies; and

(h)      regulatory agencies upon request or as required.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

6.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.    No party shall file or submit for filing as part of the court record any document under seal without first obtaining leave of court.  A party seeking to file a document with any court with Confidential Information under seal must file a motion to seal that complies with the requirements of Nevada state and federal law including LR IA 10-5 and the directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

8.    A party may designate as "CONFIDENTIAL" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document may lose its confidential status if it is made public.

9.    If a party contends that any material is not entitled to "CONFIDENTIAL" treatment, such party may at any time give written notice of each designation it is challenging and describing the basis for each challenge to the party who designated the material.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring telephonically or in-person within 14 days of the date of service of notice.  In conferring, the parties shall discuss the party's basis for challenging the confidentiality designation, and the other party's response to the same.  If the parties cannot resolve a challenge without court intervention, the challenging party may thereafter seek resolution by the Court.  The burden of establishing proper designation as confidential shall be on the party claiming that it is confidential.

10.    Notwithstanding any challenge to the designation of material as Confidential Information, all documents or items shall be treated as "CONFIDENTIAL" and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)    the party that claims that the material is Confidential Information withdraws such designation in writing; or

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

4

(b)    the party that challenges that the material is Confidential Information fails to apply to the Court for an order challenging the designating status of the disputed information within the time period specified above after the meet and confer process; or

(c)    the Court rules the material is not "CONFIDENTIAL."

11.    Within sixty (60) days after the termination of this action, including all appeals, each receiving party shall destroy all Confidential Information, including all copies, extracts and summaries thereof. The parties may agree upon the appropriate methods of destruction. If, however, a producing party requests, within (30) days after the termination of this action, that a receiving party return Confidential Information previously produced, the receiving party shall comply and promptly return all such requested Confidential Information.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and other discovery, to be retained for purposes of effectuating any judgment, or to be retained by either party as a part of the complete client file.

12.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

13.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)    The disclosure or production of documents by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document.

(b)    The inadvertent disclosure or production of any document this action shall not result

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

5

in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)     If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i)     the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party.  Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

(ii)     If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

privilege or other protection.

(d)    If, during the course of this litigation, a party determines it has produced a Protected Document:

(i)    the producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(ii)    The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

(e)    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved.  If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)    The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

7

of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

(i)      the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)     the disclosure of the Protected Documents was not inadvertent;

(iii)    the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)    the producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)      Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's Order.

(h)      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(i)      Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)      By operation of the Parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

14.      Any person in possession of another party's Confidential Information shall maintain a written information security program that includes reasonable administrative,

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

8

technical, and physical safeguards designed to protect the security and confidentiality of such confidential information, protect against any reasonably anticipated threats or hazards to the security of such confidential information, and protect against unauthorized access to or use of such confidential information. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

15.    If the receiving party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information, the receiving party shall: (1) promptly provide written notice to designating party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide designating party with assurances reasonably satisfactory to designating party that such breach shall not recur; and (3) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement or order through legal means. The receiving party agrees to cooperate with the designating party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

16.     This protective order will remain in full force and effect at all times during which any party to this protective order or any person having executed the attached Exhibit A retains possession, custody, or control any confidential material.

Dated: April 9, 2026

Respectfully submitted,

*/s/ Robert P. Spretnak, Esq.*
LAW OFFICES OF ROBERT P. SPRETNAK

Attorney for Plaintiff
TERRY CHI

Dated: April 9, 2026
Respectfully submitted,

*/s/ Rusty Graf*
Rusty Graf, Esq.
Paul Larsen, Esq.
BLACK & WADHAMS

Attorney for Defendant
SOUTHERN NEVADA PUBLIC
TELEVISION

Dated:  April 9, 2026

Respectfully submitted,

*/s/ Diana G. Dickinson, Esq.*
Ethan D. Thomas, Esq.
Diana G. Dickinson, Esq.
LITTLER MENDELSON, P.C.
Attorneys for Defendants

CLARK COUNTY SCHOOL DISTRICT AND
CEDRIC COLE

## ORDER

IT IS SO ORDERED.

Dated:  April 10, 2026

_____
UNITED STATES MAGISTRATE JUDGE·

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

4913-7086-9913

**EXHIBIT A**

**CERTIFICATION**

_____ declares that:

I reside at _____ in the city of _____, county _____, state of _____. I am currently employed by _____ located at _____ and my current job title is _____. I have read and believe I understand the terms of the Stipulated Protective Order dated _____ ("Protective Order"), filed in Case No. 2:24-cv-02014-CDS-BNW, pending in the United States District Court for the District of Nevada. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any documents electronically stored information or copies of documents or electronically stored information, designated "CONFIDENTIAL" obtained pursuant to such Protective Order, or the content of such documents or electronically stored information, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or electronically stored information except for the purposes of this action and pursuant to the terms of the Protective Order. As soon as practicable, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, or destroy, any documents or electronically stored information in my possession designated as "CONFIDENTIAL", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents or electronically stored information. I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Dated: _____

_____(signed)

_____(print name)

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

11