UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Terry Chi, | Case No. 2:24-cv-02014-CDS-BNW |
| Plaintiff | **Order Granting Southern Nevada Public Television's Motion to Dismiss** |
| v. | |
| Clark County School District, et al., | [ECF No. 52] |
| Defendants | |

Plaintiff Terry Chi brings this case against the Clark County School District (CCSD), Cedric Cole, and the Southern Nevada Public Television (SNPT), raising several claims. *See generally* First am. compl., ECF No. 49. SNPT brings a motion to dismiss.[1] Mot. to dismiss, ECF No. 52. This motion is fully briefed. Opp'n, ECF No. 62; Reply, ECF No. 66.

## I.    Background

The parties are familiar with the background of this case. I only include and address information relevant to resolving the pending motion in the discussion below.

## II.    Legal standard

The Federal Rules of Civil Procedure (FRCP) require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under FRCP 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which

---

[1] SNPT moves to dismiss Chi's sixteenth claim because it is effectively moot and Chi raised this claim again even after the court dismissed it with prejudice. ECF No. 52 at 1; ECF No. 44 at 39. Upon review of SNPT's motion, I strike Chi's sixteenth claim against them as improperly included in the FAC. *See DeFazio v. Hollister, Inc.*, 2008 U.S. Dist. LEXIS 99720, at *11 (E.D. Cal. April 7, 2008) (explaining previously dismissed allegations that failed to state a claim upon which relief can be granted under any applicable legal theory should be stricken from an amended complaint); *Davis v. Astrue*, 2007 WL 2088580, at *3–4 (N.D. Cal. July 18, 2007) (striking portions of a second amended complaint that reallege verbatim claims previously dismissed).

it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under FRCP 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

## III.    Discussion

SNPT is moving to dismiss itself as a defendant in this action because Chi filed the amended complaint against SNPT outside of the two-year statute of limitations period. ECF No. 52 at 2. SNPT also moves to dismiss for the failure to adequately plead a 42 U.S.C. § 1985 conspiracy claim against SNPT. I address SNPT's statute of limitations argument first.

### A.  Chi consents to SNPT's statute of limitations argument

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682

(9th Cir. 1980). Moreover, unlike motions for summary judgment, district courts are not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. In this district, the local rules provide that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. *See* LR 7-2(d).

Here, SNPT moves to be dismissed from "all claims." ECF No. 52 at 9. SNPT argues that Chi's § 1983 claim is governed by Nevada's two-year statute of limitations for personal injury. *Id.* at 9 (citing NRS 11.190(4); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989)). While SNPT seeks to be dismissed from all claims, its argument primarily focuses on dismissing the conspiracy claim because the original complaint missed the statute of limitations by four months and eight days, and the amended complaint missed the statute of limitations by well over a year. ECF No. 52 at 11. As such, I construe SNPT's motion to dismiss geared towards Chi's thirteenth claim, asserting a conspiracy claim under § 1985(3).

Chi's opposition only addresses the merits of her conspiracy claim, but fails to address SNPT's argument that the claim is barred by the statute of limitations. Chi's failure to address SNPT's argument concerning statute of limitations constitutes consent, *see* LR 7-2(d), so the motion is granted on that ground. However, for completeness of the record, I nonetheless address the merits of Chi's arguments regarding the conspiracy claim.

**B. Chi fails to state a § 1985 conspiracy claim against SNPT**

To state a claim under 42 U.S.C. § 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983); *Sever v. Alaska Pulp Corp.*, 978

F.2d 1529, 1536 (9th Cir. 1992). To justify relief under § 1985(3), there "must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Further, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004).

Chi alleges that CCSD, Mary Mazur, Cole, and SNPT engaged in an unlawful conspiracy to harm her and to deprive her of her federal civil rights. ECF No. 49 at 43, ¶ 239. Chi alleges that the defendants conspired to retaliate against her for engaging in protected activity under the First Amendment. *Id.* at 43. She further alleges that they conspired to disseminate statements regarding the basis for the non-renewal of Chi's employment contract and to disseminate false and baseless statements accusing her of posing a security threat. *Id.* Chi also alleges that Kim Walker, a Board Treasurer of SNPT, aided and abetted Mazur in using SNPT's 501(c)(3) funding as a vehicle for punishing Chi in retaliation for her objections to unlawful discrimination at Vegas PBS and for engaging in activity protected by the First Amendment. *Id.* at 44, ¶ 239(f). As to SNPT, Chi argues that SNPT was motivated to act in furtherance of the conspiracy to deprive Chi of her civil rights because she made whistleblower complaints against Vegas PBS and SNPT with the Corporation for Public Broadcasting. *Id.* at ¶ 239(g).

SNPT argues that Chi's conclusory statements are insufficient to survive a Rule 12(b)(6) motion to dismiss. ECF No. 52 at 5. SNPT further argues that Chi's amended complaint "nearly word-for-word repeats of the original [c]omplaint, and remain merely conclusory, implausible allegations." *Id.* at 6. In particular, it argues that Chi can neither point to nor allege any specific, plausible facts as to how or when the conspiracy occurred. *Id.*

In opposition, Chi argues that SNPT, a 501(c)(3) non-profit corporation, was a willing participant in the conspiracy against her and was used to finance an important element of Mazur's campaign to destroy Chi. ECF No. 62 at 2. In other words, Mazur was the linchpin of

the conspiracy. *Id.* Chi further argues that Mazur also served as the Executive Director of SNPT, which gave her means to reach into the 501(c)(3)'s bank account to fund Mazur's campaign. *Id.*

I previously dismissed Chi's thirteenth claim asserting unlawful conspiracy under § 1985. *See* ECF No. 44 at 29–32, 38–39 (dismissing Chi's thirteenth claim in its entirety against CCSD and Cole). The amended complaint does not clarify the alleged conspiracy. Even assuming that Chi states a cognizable claim under § 1983 against SNPT, her amended complaint is riddled with conclusory statements, and Chi's § 1985(3) claim fails at the first element because she failed to plausibly allege "an agreement or meeting of the minds to violate [her] constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). "A mere allegation of conspiracy without factual specificity is insufficient." *Sykes v. City of Henderson*, 738 F. Supp. 3d 1344, 1354 (D. Nev. 2024). Consequently, Chi's conspiracy claim against SNPT is dismissed. As Chi was already given an opportunity to amend and failed to cure the pleading deficiencies, the claim is dismissed with prejudice.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that SNPT's motion to dismiss **[ECF No. 52] is GRANTED**, therefore Southern Nevada Public Television is dismissed with prejudice.

Dated: April 27, 2026

_____
Cristina D. Silva
United States District Judge