UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Terry Chi,

            Plaintiff

v.

Clark County School District, et al.,

            Defendants

Case No. 2:24-cv-02014-CDS-BNW

**Order Granting in Part Defendants' Motion to Dismiss and Granting Motion to Strike**

[ECF Nos. 53, 54]

Plaintiff Terry Chi brings this case against defendants Clark County School District (CCSD), Cedric Coole, Jesus Jara, and Brenda Larsen-Mitchell, raising several claims, including civil rights violations under 42 U.S.C. § 1983 and state law claims. *See generally* First am. compl., ECF No. 49. CCSD and Cole filed a motion to dismiss (ECF No. 53)[1] and a motion to strike claims alleged in Chi's amended complaint (ECF No. 54).[2] For the following reasons, I grant in part the defendants' motion to dismiss and grant the motion to strike.

**I.      Background[3]**

The parties are familiar with the background of this case. I only include and address information relevant to resolving the pending motions.

Chi initially filed her complaint on October 28, 2024. Compl., ECF No. 1. In her complaint, she raised sixteen claims against different defendants. *Id.* In my previous order, I granted in part and denied it in part CCSD's motion to dismiss. ECF No. 44. Chi now brings a first amended complaint once again alleging sixteen claims. ECF No. 49. The defendants seek to dismiss three of Chi's claims: the twelfth claim asserting a civil rights violation under 42 U.S.C. § 1983, *id.* at ¶¶ 228–37; the thirteenth claim asserting unlawful conspiracy to deny civil rights, *id.* at ¶¶ 238–43; and the fourteenth claim asserting claims for relief against CCSD and Cole, *id.* at

---

[1] This motion is fully briefed. *See* Resp., ECF No. 60; Reply, ECF No. 64.
[2] This motion is fully briefed. *See* Resp., ECF No. 61; Reply, ECF No. 65.
[3] I incorporate by reference the factual background in previous order. *See* Order, ECF No. 44.

¶¶ 244–50. The defendants also seek to strike four claims in the amended complaint: (1) the second claim raising unlawful employment sex-based discrimination; (2) the eleventh claim raising civil rights violation under 42 U.S.C. § 1983; (3) the fifteenth claim asserting negligent hiring of Mary Mazur; and (4) the sixteenth claim seeking mandatory injunction for reinstatement. ECF No. 54.

## II.    Legal standard

The Federal Rules of Civil Procedure (FRCP) require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under FRCP 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under FRCP 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

III.   **Discussion**

   A. **The defendants' motion to strike Chi's second, eleventh, fifteenth, and sixteenth claims (ECF No. 54) is granted.**

Rule 12(f) permits the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[M]otions to strike are highly disfavored, *e.g.*, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), rarely granted, *e.g.*, *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000), and viewed as 'time-wasters,' *e.g.*, *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019)." *Leach v. Ingram*, 2024 WL 4041638, at *4 (D. Nev. Sep. 4, 2024).

Chi's second claim asserting unlawful employment sex discrimination was initially dismissed without prejudice. ECF No. 44 at 38. Similarly, Chi's eleventh claim asserting civil rights violations under 42 U.S.C. § 1983 was dismissed without prejudice in its entirety. *Id.* Chi brings both claims once more in her amended complaint, but she asserts that she "is not amending th[ese] claim[s]" and only includes them "solely to preserve this issue for appeal." ECF No. 49 at 27, ¶ 170(b); *id.* at 38, ¶ 223(b). Chi's fifteenth (negligent hiring of Mary Mazur) and sixteenth (mandatory injunction for reinstatement) claims were previously dismissed with prejudice. ECF No. 44 at 39. Similar to Chi's second and eleventh claims, Chi brings her fifteenth and sixteenth claims "to preserve this issue for appeal." ECF No. 49 at 48, ¶ 251(b); *id.* at 50, ¶ 262(b).

The defendants move to strike these four claims on grounds that it is improper for Chi to replead dismissed claims for the purpose of preserving the issues for appeal. ECF No. 54. In opposition, Chi asserts that two of her claims were dismissed "without prejudice," but Chi concedes that based on the court's order, "an amendment would be futile and the problems

identified by the court regarding the two claims could not be corrected by additional, truthful factual allegations." ECF No. 61 at 26–27.

Chi's opposition fails for two reasons. First, she does not cite any points and authorities to support her position that the proper forum to preserve a claim previously dismissed is to reallege the claim without amending the claim in an amended complaint. *See* Local Rule 7-2(d) (explaining that the failure of an opposing party to file points and authorities in response to any motion, constitutes a consent to the granting of the motion). The only case Chi cites is *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), but does not explain how that case permits realleging a previously dismissed claim with no amendment to cure the previously identified defects. *See* ECF No. 61 at 26.

Second, Chi's argument fails because her sole purpose for bringing all four claims is not to amend those claims, but rather to preserve them for appeal. Because Chi is utilizing her first amended complaint as an improper vehicle to preserve those four claims, I strike claims two, eleven, fifteen, sixteen.[4] *See DeFazio v. Hollister, Inc.*, 2008 U.S. Dist. LEXIS 99720, at *11 (E.D. Cal. April 7, 2008) (explaining previously dismissed allegations that failed to state a claim upon which relief can be granted under any applicable legal theory should be stricken from an amended complaint); *Davis v. Astrue*, 2007 WL 2088580, at *3–4 (N.D. Cal. July 18, 2007) (striking portions of a second amended complaint that reallege verbatim claims previously dismissed); *Tavake v. Alameda Cnty. Bd. of Supervisors*, 2005 WL 2290308, at *2 (N.D. Cal. Sep. 20, 2005) (striking portions of an amended complaint that incorporated by reference any matter from the dismissed complaint).

---

[4] Because Chi's fifteenth and sixteenth claims were previously dismissed with prejudice (ECF No. 44 at 39), Chi was no longer allowed to bring those claims. Further, because Chi's opposition asserts that amendment would be futile as to her second and eleventh claims (*see* ECF No. 61 at 26–27), those claims are hereby stricken and dismissed with prejudice.

**B.  The defendants' motion to dismiss Chi's twelfth, thirteenth, and fourteenth claims (ECF No. 53) is granted in part.**

### 1.  *Chi's twelfth claim: civil rights violation under 42 U.S.C. § 1983*

Section 1983 requires a plaintiff to prove that (1) a person acting under color of state law (2) committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or federal law. *Fed'n of Afr. Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996), *overruled on other grounds by Yoshikawa v. Seguirant*, 74 F.4th 1042 (9th Cir. 2023); *Vandermeer v. Douglas County*, 15 F. Supp. 2d 970, 984–85 (D. Nev. 1998). "The first inquiry in any § 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution or federal laws." *Chapen v. Munoz*, 2007 WL 9728687, at *2 (D. Nev. Aug. 6, 2007) (citing *Baker v. McCollan*, 443 U.S. 137, 142–47 (1979); and then citing *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1996)).

As alleged in her complaint, Chi publicly communicated the unlawful pattern and practice of race discrimination and financial improprieties within the Vegas PBS department of CCSD, as it pertained to defendant Mary Mazur, its president and general manager. ECF No. 49 at 40, ¶ 230–31. Chi's communications were disseminated within CCSD, to government officials outside of CCSD, and to members of the general public. *Id.* Chi alleges that as a result of this communication, she suffered adverse employment actions such as harassment and bullying, deprivation of the opportunity to work remotely, an attempt to damage her professional reputation, and nonrenewal of her contract with the Vegas PBS department of CCSD. *Id.* at 40–41, ¶ 233.

As to CCSD, Chi alleges, without supporting allegations, that the department acted "pursuant to its custom and well-established practice of retaliating against employees for engaging in protected first amendment activity informing the public of inappropriate actions within Vegas PBS" and CCSD, which includes "the aforementioned pattern and practice of depriving employees of their civil rights, whether directly due to race discrimination within" the

Vegas PBS department of CCSD, or "in retaliation for public communication of financial improprieties in the operation of the Vegas PBS department" of CCSD. *Id.* at 41, ¶ 234(a).

As to Cole, during the relevant time period, he was employed by CCSD in various executive level capacities, including interim chief human resource officer and executive manager—diversity and affirmative action programs/ADA Title IX coordinator. *Id.* at 9, ¶ 50. In particular, he was responsible for investigating and processing charges of discrimination, harassment, bullying, and unlawful retaliation. *Id.* Chi alleges that Cole, in his individual capacity, violated 42 U.S.C. § 1983 by taking action against her in response to Chi engaging in activity protected by the First Amendment (i.e., free speech and the right to petition the government for redress of grievances). *Id.* at 42, ¶ 234(b). Chi asserts that Cole is liable because of "his knowing acquiescence, acceptance and adoption of the campaign of retaliation and retribution against" Chi, that she alleges was orchestrated by Mazur. *Id.* at (b)(ii).

The defendants move to dismiss Chi's twelfth claim on the grounds that Chi cannot satisfy the elements under *Monell* to establish liability against CCSD because there is no district practice or custom encouraging retaliation. ECF No. 54 at 8. Second, the defendants argue that Chi fails to state a § 1983 claim against Cole. *Id.* at 10.

In opposition, Chi argues that as to CCSD, she has satisfied the pleading requirement for municipal liability against the governmental entity on her remaining claim under 42 U.S.C. § 1983. ECF No. 61 at 9–10. She first argues that CCSD is liable to her because there may be liability for governmental actions taken pursuant to "a government's policy or custom" by someone whose "acts may fairly be said to represent official policy." *Id.* at 11. Chi asserts that CCSD is liable because it gave Mazur, the president and general manager of Vegas PBS, the power and the authority to act on the organization's behalf. *Id.*

Next, Chi argues that Cole was not merely a silent observer, but rather, she regularly informed him of civil rights violations being committed by Mazur, and Cole chose to do nothing. *Id.* at 15. Chi further argues that Cole repeatedly acted to stifle any investigation into the actions of the Vegas PBS president and general manager. *Id.*

a.    *CCSD is not liable under Monell and Chi fails to state a § 1983 claim against CCSD.*

A local public entity may be sued under § 1983 only under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Ninth Circuit has explained that, generally, a single incident of unlawful conduct does not establish *Monell* liability. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021). Thus, in order to successfully bring a *Monell* liability claim, a plaintiff must plausibly allege that "(1) [they were] deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [their] constitutional right[s]; and (4) the policy was the moving force behind the constitutional violation[s]." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020); *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). The "policy" element can be satisfied by demonstrating that an employee was acting (1) pursuant to an "expressly adopted official policy," (2) pursuant to a "longstanding practice or custom" or (3) as a final policymaker. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). So, municipal liability only attaches when execution of a government policy or custom inflicts a plaintiff's injury. *See Monell*, 436 U.S. at 694; *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)

Here, at best, Chi only satisfies the first prong to succeed on a *Monell* liability claim—that is, there was some deprivation of constitutional right. As explained in my prior order, Chi sufficiently alleged a constitutional violation. ECF No. 44 at 29. However, like the original complaint, Chi only asserts conclusive allegations to support the remaining elements that must be satisfied to plausibly state an action against CCSD under § 1983. Though Chi argues that she satisfies these elements because Mazur was alleged to have power and the authority to act on the organization's behalf, it is unclear what policy CCSD was implementing. Nor does Chi allege

7

that such policy, if it did exist, was the moving force behind her constitutional violation.[5] For these reasons, at this stage of the proceedings, I dismiss Chi's § 1983 claim against CCSD.

> b.   *Chi states a viable § 1983 claim against Cole.*

In my prior order, I found that Chi made no specific allegations against Cole regarding her § 1983 First Amendment claims. ECF No. 44 at 29. In an attempt to cure this deficiency, the FAC asserts that Cole violated § 1983 by taking action against Chi in response to her being engaged in activity protected by the First Amendment (i.e., free speech and the right to petition the government for redress of grievances). ECF No. 49 at 42, ¶ 234(b).

In her opposition, Chi highlights that she sent an email to Cole in March 2023 regarding her concerns and discriminatory mistreatment, but Cole denied her request for an investigation. ECF No. 61 at 15 (citing ECF No. 49 at ¶ 50). She further alleges that she sent another email to Cole, among other individuals, in April 2023, asserting that she had been ambushed by Mazur and that it was a tactic to bully her, but the next day, Cole closed the investigation into Chi's complaints of discrimination and racism. ECF No. 61 at 15–16 (citing ECF No. 49 at ¶¶ 62–63). Chi argues that Cole's actions in closing the investigation were essentially equivalent to an "overt decision to do nothing" and that he made the decision to allow Chi to "be destroyed personally and professionally" by allowing Mazur "to continue with her racist pattern of firing persons of color from the management team." *Id.* at 16.

As a result of the additional allegations and Chi's arguments, I find that Chi has stated a claim for relief that is plausible on its face. *Iqbal*, 556 at 678. The additional allegations highlighted allow this court to draw a reasonable inference that Cole is liable for the misconduct alleged: that is, allegations that Cole committed an act that deprived Chi of some right, privilege, or immunity protected by the Constitution or federal law. As such, construing the allegations in the complaint in a light most favorable to Chi and drawing all inferences in her favor, *In re Stac*

---

[5] Chi's attempt to reference an incident involving Christopher Klemp and his role in participating in investigatory hearings to discipline and terminate whistleblowers also does not cure the deficiencies in Chi's claim. *See* ECF No. 49 at 42. It is unclear how this allegation helps establish an existing policy, much less a policy that constitutes a "longstanding practice or custom."

*Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996), I deny the defendants' motion to dismiss the First Amendment portion of her § 1983 claim against Cole.

### 2. *Chi's thirteenth claim: conspiracy, in violation of 42 U.S.C. § 1985(3).*

To plead a conspiracy under § 1985(3), "a plaintiff must allege: (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (per curiam) (cleaned up) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)). Further, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983," *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004), and must show "an agreement or meeting of the minds to violate constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

Chi brings a conspiracy claim, alleging that CCSD, Mazur, Cole, and SNPT were engaged in an unlawful conspiracy to harm Chi and deny her of her civil rights under federal law. ECF No. 49 at 43, ¶ 239. Chi asserts that these defendants conspired to disseminate statements regarding the non-renewal of Chi's contract with CCSD, thus constituting grounds for her termination. *Id.* at ¶ 239(b). Chi further asserts that the defendants disseminated false and baseless statements as the basis of the non-renewal, specifically accusing Chi of being a security threat. *Id.* at 239(c). As part of the allegations, Chi again asserts that Mazur exerted substantial control of the SNPT's budget and finances, and she used her position to finance her campaign of retaliation and retribution against Chi because she was engaging in First Amendment protected activities. *Id.* at ¶ 239(e). As alleged, Mazur was the "linchpin of this conspiracy." *Id.* at ¶ 240.

The defendants argue that Chi's amended complaint shares the same deficiency as her original complaint. ECF No. 53 at 11–12. That is, Chi is attempting to show that Mazur utilized SNPT money to finance her campaign of retaliation and retribution against her in response to Chi being engaged in protected First Amendment activity. *Id.* The defendants argue that these

are the same type of insufficient allegations that the court highlighted in its previous order (ECF No. 44 at 29–32), which accused Mazur of acting independently in taking such actions. *Id.* at 12. Further, the defendants argue that Chi has not added factual allegations as to Cole, other than conclusively asserting that he was part of the conspiracy. *Id.*

In opposition, Chi maintains that she has pled an actionable claim that the defendants were engaged in an unlawful conspiracy to deprive her of her civil rights in violation of 42 U.S.C. § 1985(3). ECF No. 61 at 17. She further argues that she has significantly expanded her claim and has pled all necessary elements to state an actionable conspiracy claim. *Id.* She argues that the "co-conspirators targeted" her "not only as part of the plan to remove persons of color from the management team of Vegas PBS, and to attack an employee who repeatedly objected to race-based discrimination in her workplace, but they also targeted" her in direct response to petitioning outside government authorities to redress her grievances. *Id.* at 18.

The amended complaint repeatedly accuses the defendants of conspiring, but it is still unclear to the court how or when this occurred, much less if there was any agreement or meeting of the minds between co-conspirators. *See* ECF No. 49 at ¶¶ 238–43. It is not enough to simply claim that the alleged parties to the conspiracy knew of each other, interacted in the course of their business, or communicated amongst themselves; establishing a claim for conspiracy *requires* a plaintiff to set out facts that the defendants reached an agreement or "meeting of minds." *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Chi still has not provided any facts in her amended complaint to support a plausible claim that CCSD or Cole agreed to restrict Chi's protected liberty interest or her First Amendment rights. Consequently, I again find that Chi has not sufficiently pled a conspiracy claim under § 1985(3) and I dismiss her claim with prejudice.

### 3. Chi's fourteenth claim: intentional infliction of emotion distress

To state a claim for intentional infliction of emotional distress, a plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for,

causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (quoting *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981)). Under the first prong, the alleged conduct must fall "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

"The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct was extreme and outrageous enough to result in liability." *Chehade Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1121 (D. Nev. 2009) (citing *Norman v. Gen. Motors Corp.*, 628 F. Supp. 702, 704–05 (D. Nev. 1986)). However, "'[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.'" *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011) (quoting *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996)). "Personnel management consists of such actions as hiring and firing, project assignments, promotion and demotions, performance evaluations and other similar acts." *Id.* (citing *Janken*, 46 Cal. App. 4th at 64–65).

Chi alleges that CCSD and Mazur engaged in extreme and outrageous actions against Chi by repeatedly disciplining her for offenses that would not have otherwise led to disciplinary action against her colleagues. ECF No. 49 at 46, ¶ 245(a). She further alleges that Mazur was aware of her serious medical conditions which include vertigo, migraines, and high blood pressure, among other conditions, but Mazur still "increased pressure" upon her with the intent of worsening her medical issues. *Id.* at ¶ 245(e).

The defendants argue that Chi's claim for IIED falls short of the extreme and outrageous conduct that is necessary to state a claim for IIED. ECF No. 53 at 12. Specifically, they argue that Chi repeats the allegations from her original complaint and includes vague allegations that Mazur and CCSD knew of her medical conditional and severe emotional distress, and that

Mazur put increased pressure and undue work stress on her. *Id.* at 13 (citing ECF No. 49 at ¶¶ 245(e), 246(a). The defendants essentially argue that Chi's IIED claim is based entirely on allegations regarding personnel-management actions that do not rise to the level of outrageous conduct. ECF No. 53 at 13 (referencing *Shelstad v. TGS Aviation Servs., Inc.*, 2017 WL 2870083, at *5 (D. Nev. July 5, 2017) and *Welder*, 833 F. Supp. 2d at 1245.

In opposition, Chi argues that she has pled all the necessary elements to establish a claim for intentional infliction of emotional distress, under a respondent superior theory of liability.[6] *See* ECF No. 61 at 23–26. Chi asserts that the issue that was before the court concerning her fourteenth claim was whether she pled facts in support of the first element—that is, conduct that is "extreme and outrageous," *id.* at 23, and she cured any deficiencies.

To the extent Chi is also asserting a claim against Cole for IIED, the amended complaint wholly fails to set forth sufficient allegations to bring a claim against him. As to CCSD, it remains unclear to this court how Chi alleges extreme and outrageous conduct. At best, Chi has alleged an uncomfortable, unpleasant, or perhaps miserable workplace environment for her, but that does not equate to conduct by the defendants that was "so severe and of such intensity that no reasonable person could be expected to endure it." *Alam v. Reno Hilton Corp.*, 819 F.Supp.905, 911 (D. Nev. 1993). Consequently, Chi allegations are insufficient to change my prior determination that she failed to plausibly plead an IIED claim. *See* ECF No. 44 at 34–37. I therefore incorporate my prior analysis by reference, and again find that Chi fails to state an IIED claim against Cole and CCSD, so this claim is dismissed. Because I find that amendment would be futile, this claim is dismissed with prejudice and without leave to amend.

---

[6] Because its not wholly clear, the court construes Chi's opposition as arguing that the IIED claim is brought under a respondent superior theory of liability.

12

IV.     Conclusion

IT IS ORDERED that the defendants' motion to dismiss **[ECF No. 53] is GRANTED in part as set forth in this order**.

IT IS FURTHER ORDERED that the defendants' motion to strike **[ECF No. 54] is GRANTED.**

Dated: April 27, 2026

_____
Cristina D. Silva
United States District Judge