**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Terry Chi, | Case No. 2:24-cv-02014-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Clark County School District, et al., | |
| Defendants. | |

Plaintiff's counsel, Mr. Spretnak, moves to withdraw as counsel due to his forthcoming retirement (ECF No. 72), and he further moves to stay discovery for 120 days to allow Plaintiff time to retain new counsel and for new counsel to become up to date on the case because substantial discovery has been exchanged (ECF No. 73). Defendants do not oppose the motion to withdraw (ECF No. 76), but they oppose the motion to stay discovery to the extent it requests 120 days. ECF No. 77. Defendants request the stay be limited to 60 days given that the parties will need a new discovery plan and scheduling order once the stay is lifted, which will further delay proceedings. *Id.* Plaintiff filed a reply and argued that a 60-day stay would be insufficient to properly take over representation in this matter. ECF No. 78. She requested a stay of at least 90 days. *Id.* For the reasons discussed below, this Court grants the motion to withdraw and grants in part and denies in part the motion to stay discovery.

## I.    DISCUSSION

Courts have broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Discovery may be stayed under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

First, this Court grants the motion to withdraw as counsel has complied with Local Rule IA 11-6 and NRPC 1.16. This Court notes that neither Plaintiff nor Defendants oppose this request.

Second, this Court finds good cause to stay discovery for 60 days. As Defendants point out, the parties will need to file an amended discovery plan and scheduling order after the stay is lifted, which will further delay proceedings (and likely give new counsel more time to familiarize themselves with the case). Sixty days is sufficient for Plaintiff to locate new counsel, and additional time would prejudice Defendants. Moreover, new counsel may always move to stay discovery for good cause.

## II.    CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to withdraw (ECF No. 72) is **GRANTED**. Attorney Robert P. Spretnak is withdrawn from the case.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay discovery (ECF No. 73) is **GRANTED in part and DENIED in part**. Discovery will be stayed for 60 days. By July 6, 2026, new counsel must file a notice of appearance, or Plaintiff must file a notice indicating that she will be proceeding pro se. The parties must file an amended discovery plan and scheduling order no later than June 22, 2026.

**IT IS FURTHER ORDERED** that Mr. Spretnak serve a copy of this order on Plaintiff.

DATED: May 7, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE